Commonwealth *v.* Stroud, Appellant.

Argued June 12, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Mervyn R. Turk,* Assistant Public Defender, with him *R. Barclay Surrick,* Assistant Public Defender, and *Charles J. Odgers, Jr.,* Public Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 11, 1969:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant together with two codefendants was convicted of robbery by a jury after a trial on June 17 and 18, 1968. At trial, there was testimony that one of the robbers carried a 22 caliber revolver and fired it twice during the robbery. The following colloquy occurred during the district attorney's summation to the jury: "MR. PRODOEHL [defense counsel]: I think for the purpose of the record, the District Attorney, Mr. McEwen, made an analogous [sic] in summing up to the Jury. This analogy consisted of a 22 caliber re-

volver and he analogized it to the assassination of Robert F. Kennedy. THE COURT: What did he say you are objecting to? MR. PRODOEHL: I am objecting to the statement that this was an analogous [sic] to the recent assassination. That is my objection. MR. PRODOEHL: I believe it is inflammatory. THE COURT: Mr. District Attorney, confine yourself only to the evidence in the case. Members of the Jury, disregard any statements made by the District Attorney that is [sic] not strictly in accord with the evidence and do not permit that in any manner, shape or form to affect your judgment in your deliberation in the case of these Defendants."

Despite the court's admonishment, the district attorney continued as follows: "MR. McEWEN: Just so the record was clear, may I make clear on the record that I am talking about a 22 caliber revolver in this case and that a 22 revolver being sufficient to cause *the death of a great American recently.* If you will, the connection of a 22 caliber revolver *is not* in any sense *referring to just some individual.*" [Emphasis added.] The Court again admonished the district attorney.

In *Commonwealth v. Meyers,* 290 Pa. 573, 139 A. 374 (1927), the Supreme Court said that when language is used by a district attorney which creates "a fixed bias and hostility toward the defendant, so that they [the jurors] could not fairly weigh in his behalf such circumstances of doubt, extenuation or degree of guilt that may be present in the case," *id.* at 581, there are grounds for a mistrial.

In my view the remarks of the district attorney were so inflammatory that the jury could not fairly determine appellant's guilt.

Senator Kennedy's assassination had occurred only twelve days before trial. During the days following,

the news media supplied the American public with constant coverage of the murder and funeral. The trip of the Senator's funeral train from New York to Washington was seen by millions of people on television. Indeed, the train passed through the county in which this trial was held. At that time, many people felt a sense of guilt, as if they had somehow contributed to an atmosphere condoning lawless activity. They were shocked and outraged that a presidential candidate could be murdered at will by any person possessing a gun. Public reaction to the use of guns by criminals was immediate and hostile. Newspapers, civic organizations and other groups all proclaimed that the possession of guns led to increased crime and violence.

Nonetheless, the district attorney, even after being admonished by the court, compared appellant's actions with those of Senator Kennedy's killer. Such a statement standing alone, was improper, irrelevant and highly prejudicial. When viewed in light of the highly-charged emotional atmosphere in the county at the time, the remarks must be viewed as so prejudicial that the question of appellant's guilt or innocence could not have been dispassionately viewed by the jury.

I would reverse the convictions and order a new trial.

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.