Commonwealth *v.* Jones, Appellant.

Submitted September 17, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*R. Barclay Surrick,* Assistant Public Defender, for appellant.

*O. Warren Higgins* and *Ralph B. D'Iorio,* Assistant District Attorneys, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., November 11, 1971:

This is an appeal from the dismissal by the Court of Common Pleas of Delaware County, Criminal Division, of the Petition of Clifford M. Jones, the defendant-appellant, under the Post Conviction Hearing Act.

On January 17, 1968, just after midnight, the appellant entered Hughie's Tavern, 700 Baltimore Pike, Upper Darby, Pennsylvania, ordered a drink and gave the bartender a Ten Dollar ($10.00) bill. When change was being made, Hilton Stroud, a co-defendant, entered the tavern, went to the cash register pointing a gun at the bartender and said: "This is a stick-up, put the money in a brown paper bag." After getting the money, Stroud and the appellant backed out of the door together. Stroud fired two shots in the direction of the bartender.

While this holdup was taking place, a police officer observed a white Chevrolet parked at the tavern. He had noticed the car making four (4) loops around the tavern and also noticed that an apparent signal was being made by the headlights. He then saw two men

come from the tavern and enter the car which immediately drove off. Immediately thereafter, a man came out of the tavern shouting: "Holdup." The officer pursued the car, but lost it. The description of the car and its occupants was transmitted to the Philadelphia Police Department. The Philadelphia Police observed a car answering the description and gave chase at about 1:00 a.m. It was abandoned and three men were apprehended. The appellant had a .22 calibre revolver in his possession.

All three men were tried together and all three were represented by counsel. The defendants were convicted of burglary, operating a motor vehicle without the consent of the owner; robbery, larceny and conspiracy. Post-trial motions in arrest of judgment and for a new trial were filed and argued on behalf of all three defendants. The court below filed an opinion dismissing the motions.

The appellant was sentenced on the robbery counts to pay a fine of One Thousand ($1,000.00) Dollars, costs of prosecution and imprisonment of not less than seven and one-half (7½) years nor more than fifteen (15) years. He was also sentenced on the larceny conviction, but it was to run concurrently with the robbery sentence. Sentence was suspended on the other convictions. Stroud filed an appeal to this Court which affirmed the court below, per curiam, in *Commonwealth v. Stroud*, 215 Pa. Superior Ct. 188, 257 A. 2d 52 (1969). The appellant did not file an appeal. On April 20, 1970, the appellant filed a Petition under the Post Conviction Hearing Act which was dismissed after hearing by the court below. This appeal followed.

The appellant complains that the confrontation at the Philadelphia police station was illegal. He cited for support of his position *United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967); *Stovall v. Denno*, 388 U.S. 293, 18 L. Ed. 2d 1199, 87

S. Ct. 1967 (1967). In *Wade,* it was held that pretrial lineup in the absence of counsel is illegal and thereafter, in-court identification was erroneous unless it had sufficient untainted independent origin.

In *Denno,* the Supreme Court found from a totality of circumstances before it that no unconstitutional pretrial identification had taken place although the court did hold that a pretrial identification may be "so unnecessarily suggestive and conducive to irreparable mistaken identification as to amount to a denial of due process."

In the present case, the three suspects were apprehended and taken to the police station. The appellant was seen by witnesses entering the station with the police. He was immediately recognized as one of the holdup men. Due process does not require that every pretrial identification of witnesses must be conducted under laboratory conditions of an approved lineup. *United States v. Davis,* 407 F. 2d 846 (1969). The three witnesses to the holdup made an unequivocal in-court identification of the appellant as one of the holdup men. No testimony was offered by the Commonwealth of the police station identification. It was brought out on cross-examination. At the suppression hearing prior to trial, the evidence showed that Jones had been advised of his rights and had the opportunity to obtain counsel, but refused to do so at the time he was taken to the police station. The complaint is without merit.

As to the complaint concerning the remarks of the District Attorney and the court's failure to withdraw a juror, this matter was disposed of in *Commonwealth v. Stroud,* supra.

The appellant also complains that he was never advised of his right to challenge the array of the Grand Jury. This right was waived. See *Commonwealth v. Dessus,* 423 Pa. 177, 224 A. 2d 188 (1966). See also, *Commonwealth v. Marmon,* 210 Pa. Superior Ct. 202,

232 A. 2d 236 (1967). He was represented by competent counsel.

As to the complaint concerning the ballistics testimony, the suppression hearing discloses that there had been no effort on the part of the District Attorney to conceal the identity of the expert witness on ballistics. The appellant had ample opportunity to have him in court to testify. The appellant relies on *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 85 S. Ct. 1194 (1963). As the court below said: "First of all, the Defendant is not certain of what is contained in the ballistics report. Secondly, he doesn't know what information his attorney had as to the contents of the report. Perhaps, defense counsel had knowledge of said contents and decided that the Report was not favorable defense. When considered in light of the fact that defense counsel never renewed his request to have the Chemist testify on behalf of his client, bolsters the conclusion that the Report was of no consequence. Furthermore, we do not find a complete and absolute refusal of the prosecutor to bring forth the Chemist nor do we find any attempt to conceal the identity of whereabouts of the Chemist. Defense counsel knew the ballistics expert was available and knew that there was a Report. He had ample opportunity to have the Chemist in Court to testify. This Court is of the opinion that the principle set forth in Brady has not been violated. See, U. S. v. Gernert, 297 F. Supp. 1301 (1969)."

The appellant further argues that his counsel was ineffective in not calling the expert witness. As there was no evidence at the hearing that the testimony would be helpful, counsel's failure to call the witness cannot be equated with a conclusion of ineffective counsel. *Commonwealth ex rel. Sprangle v. Maroney,* 423 Pa. 589, 225 A. 2d 236 (1967).

The decision of the court below is affirmed.