**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Brian M. FRISBIE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 6, 2005.
Filed Dec. 27, 2005.

John L. Elash, Pittsburgh, for appellant.

Kevin Francis McCarthy, Assistant District Attorney, Pittsburgh, for Commonwealth appellee.

Before: HUDOCK, PANELLA and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Brian Frisbie appeals from the November 17, 2004, aggregate judgment of sentence of 82 to 152 months imprisonment imposed after a jury found him guilty of involuntary manslaughter,[1] aggravated assault,[2] and recklessly endangering another person.[3]

¶ 2 The relevant facts and procedural history are as follows:

During the early morning hours of Christmas Eve 2002, the victim, James Miller, and the two Defendants, all found themselves at Tom's Diner in the Dormont Borough section of Allegheny County. Mr. Miller was there with his nephew and a friend, Rebecca Brown, to have something to eat after having a few drinks at work. The Defendants were also there to have something to eat after having consumed several alcoholic beverages while watching the Steelers game on television. Mr. Miller went to the men's bathroom, where he encountered the Defendants. An argument ensued between Mr. Miller and the Defendant. [Mr.] Miller was thrown against the bathroom wall by Defendant–Garger. He slid down to the ground where the Defendant kicked him several times. After the Defendants left the bathroom, a nearby patron, Carol Bradley, who overheard the fight in the bathroom, summoned help. The police and paramedics arrived. Mr. Miller was transported to the hospital, where he died several hours later.

The cause of death, according to the forensic pathologist, Bennet Omalu, was blunt force trauma to the head, which precipitated bleeding in the victim's head. Dr. Omalu testified that he believed that the victim suffered multiple blows to the head, resulting in numerous hemorrhages all over the brain. He further indicated that the victim had several contusions and abrasion on his face, head, and body.

Trial Court Opinion, O'Toole, J., 4/25/2005, at 2–3 (citations omitted).

¶ 3 Appellant and co-defendant Dustin Garger were charged with criminal homicide, aggravated assault, recklessly endangering another person, and criminal conspiracy. On September 17, 2004, a jury found appellant guilty of involuntary manslaughter, aggravated assault, and recklessly endangering another person, and on September 29, 2004, appellant's counsel filed a motion for judgment of acquittal and extraordinary relief. Record Part I,

---

1.  18 Pa.C.S.A. § 2504.

2.  *Id.* § 2702(a)(1).

3.  *Id.* § 2705.

Nos. 9, 10. As stated above, appellant was sentenced on November 17, 2004. Post-sentence motions and a motion to reconsider sentence were denied on December 17, 2004, and this timely appeal followed. Record Part I, Nos. 14, 19.

¶ 4 Appellant presents two intertwined issues for our consideration. He first argues the trial court erred in denying his motion for acquittal on the grounds the jury's verdict was inconsistent. Appellant's brief at 9. Secondly, he challenges the sufficiency of the evidence to support his conviction of aggravated assault.

■ ¶ 5 Initially, appellant maintains the evidence cannot support his convictions for both aggravated assault, which requires a finding of malice, and involuntary manslaughter, which requires recklessness, because the jury, in finding him not guilty of third degree murder, concluded he did not act with malice. *Id.* at 9–11. We disagree.

■ ¶ 6 "[I]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal." *Commonwealth v. Petteway,* 847 A.2d 713, 718 (Pa.Super.2004) (citations omitted). Rather, "[t]he rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment." *Commonwealth. v. Miller,* 441 Pa.Super. 320, 657 A.2d 946, 948 (1995) (citations omitted). "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." *Petteway, supra.*

¶ 7 Here, appellant was found guilty of involuntary manslaughter and aggravated assault. A person is guilty of involuntary manslaughter "when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S.A. § 2504, Involuntary manslaughter, (a) General rule. Further, recklessness is defined as follows:

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S.A. § 302, General requirements of culpability, (b) Kinds of culpability defined, (3).

¶ 8 Here, the evidence clearly supports the conclusion that appellant acted recklessly in striking the victim's head off the toilet multiple times, and that his actions undoubtedly caused the victim's death. Dr. Bennet Omalu, a forensic pathologist who performed the autopsy of the victim, testified the victim "died from blunt force trauma of his brain" caused by "multiple repeated concurrent impacts" to his head. N.T., 9/15/04, at 411, 434.

¶ 9 Similarly, we find there is separate and distinct evidence which supports appellant's conviction for aggravated assault.

¶ 10 A person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting ex-

treme indifference to the value of human life." 18 Pa.C.S.A. § 2702 Aggravated assault, (a) Offense defined, (1). Serious bodily injury is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301, Definitions.

¶ 11 Contrary to appellant's assertion, acquittal on the third degree murder charge is not a specific finding that appellant did not act with malice. *See Commonwealth v. Carter*, 444 Pa. 405, 408, 282 A.2d 375, 376 (1971) (citations omitted) (an acquittal cannot be interpreted as a specific finding in relation to some of the evidence). The evidence at trial established that appellant caused serious bodily injury to the victim by repeatedly striking his head off of the restroom toilet. Carol Bradley, a patron at Tom's Diner on the evening in question, testified that she heard "a lot of scuffling" and "commotion" in the men's restroom and what sounded "like someone was taking somebody's head and bashing it on the toilet" several times. N.T., 9/13/04, at 9–10. Moreover, Commonwealth witness Rebecca Brown testified she overheard appellant and his co-defendant bragging about their assault of the victim while in lockup at the Dormont Police Station, and that they specifically stated they had beaten the victim's head off the toilet. N.T., 9/16/04, at 556–557. Accordingly, the guilty verdict for the charge of aggravated assault was proper even though appellant was found not to be guilty of third degree murder. We agree with the trial court's assessment of the verdict.

> Quite frankly, the Defendants are very fortunate that the jury rendered an inconsistent verdict with regard to the degree of homicide. A finding of guilt with regard to Third Degree Murder, which in the Court's opinion was supported by the evidence, would have resulted in the Defendants serving at least twenty years in prison.

Trial Court Opinion at 5.

¶ 12 In addition to his assertion that an inconsistency of verdicts requires vacation of his judgment of sentence, appellant makes a second distinct argument that the evidence is insufficient to support his conviction for aggravated assault. Appellant's brief at 12. Specifically, he contends the "facts adduced at trial were insufficient for a finding of specific intent to cause serious bodily injury." *Id.*

¶ 13 Our test for the sufficiency of the evidence is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence pro-

duced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano,* 782 A.2d 574, 582 (Pa.Super.2001) (citations and quotations omitted).

¶ 14 Our review indicates appellant bases his sufficiency argument primarily on the testimony of defense expert Dr. Karl Williams, and seemingly ignores the plethora of evidence in the record that does not support his claim. *See* Appellant's brief at 12–13. Dr. Williams testified there was no conclusive evidence to indicate that the victim had been struck repeatedly in the head, and in his expert medical opinion the victim's injuries stemmed from the victim falling and hitting his head. N.T., 9/16/04, at 679–680, 686.

■ ¶ 15 As discussed above, there is ample evidence from which to infer that appellant acted with either the specific intent "to cause serious bodily injury" to the victim, or at the very least, acted "recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). As the trial court wisely noted,

> [T]he jury could reasonably have found that the Defendants intended to assault the victim and cause serious bodily injury to him, but that they did not intend to kill him and that the victim's death resulted from reckless behavior on their part in going "too far" with their assault.

Trial Court Opinion at 4. "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." *Commonwealth v. Gooding,* 818 A.2d 546, 549 (Pa.Super.2003). "If the factfinder reasonably could have determined from the evidence adduced that all of the necessary elements of the crime were established, then that evidence will be deemed sufficient to support the verdict." *Commonwealth v. Hopkins,* 747

A.2d 910, 914 (Pa.Super.2000) (citation omitted). Here, the jury evidently found the Commonwealth's witnesses credible, and chose not to believe Dr. Williams' version of the events. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *Commonwealth v. Chiari,* 741 A.2d 770 (Pa.Super.1999). Accordingly, appellant's claims of trial court error must fail.

■ ¶ 16 At the request of the trial court, however, it is necessary for us to remand this matter for resentencing. As indicated by the court, the sentence of 66 months to 120 months for the aggravated assault conviction is improper pursuant to the requirement that the minimum sentence be no more than one-half of the length of the maximum sentence. As such, this matter must be remanded to the trial court for the sole purpose of resentencing appellant to a proper sentence fitting with the court's original sentencing scheme. *See* Trial Court Opinion at 2, 5.

¶ 17 Judgment of sentence vacated at the request of the trial court. Case remanded for resentencing. Jurisdiction relinquished.