J-S14029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHANE C. SMITH :
:
Appellant : No. 1923 EDA 2017

Appeal from the Judgment of Sentence May 9, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004965-2016

BEFORE: OTT, J., McLAUGHLIN, J., and RANSOM*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 08, 2018**

Shane Smith appeals from the judgment of sentence entered following his bench trial convictions for possession of firearm with altered manufacturer's number, firearms not to be carried without a license, receiving stolen property, and possession of a controlled substance.[1] We conclude the Commonwealth presented sufficient evidence that the firearm's manufacturer's number was "altered" and, therefore, affirm the judgment of sentence.

On June 12, 2016, Pennsylvania State Police officers arrested Smith following a vehicle stop during which the police officers discovered a firearm,

---

\* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6110.2(a), 6106(a)(1), 3925(a), and 35 P.S. § 780-113(a)(16), respectively.

ammunition, a clip, and marijuana in Smith's vehicle, and Oxycodone on Smith's person.

On February 24, 2017, the trial court conducted a stipulated bench trial, during which the Commonwealth admitted as an exhibit a photograph of the firearm at issue. The manufacturer's number was legible, but had multiple scratch marks on it. The trial court concluded the manufacturer's number was "clearly abraded." Trial Court Opinion, filed July 25, 2017, at 7-8.

The trial court found Smith guilty of the above-reference charges. On May 9, 2017, the trial court sentenced Smith to three to six years' imprisonment for the conviction for possession of firearm with altered manufacturer's number, two to four years' imprisonment for the conviction for firearms not to be carried without a license, 15 to 30 months' imprisonment for the receiving stolen property conviction, and three years' probation for the conviction for possession of a controlled substance. The trial court ordered that the terms of imprisonment were to run concurrent to each other and the term of probation would be consecutive to the imprisonment.

Smith filed a timely notice of appeal. On appeal he raises the following issue:

> Whether the evidence was insufficient to prove all the elements of the charge of possession of a firearm with altered manufacturer's number where the photo evidence of the gun in question shows that the number is completely legible and has not been altered, changed, removed, or obliterated in any substantive fashion.

Smith's Br. at 7 (unnecessary capitalization omitted).

"Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Ballard**, 80 A.3d 380, 390 (Pa. 2013) (citation omitted). Specifically, we must determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that the Commonwealth proved each element beyond a reasonable doubt. **See Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa.Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Brown**, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*) (quoting **Commonwealth v. Hutchinson**, 947 A.2d 800, 805–06 (Pa.Super. 2008)).

Further, "[a]s an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa.Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa.Super. 2007) (quoting **Commonwealth v. Frisbie**, 889 A.2d 1271, 1274–75 (Pa.Super. 2005)).

Smith challenges the sufficiency of the evidence to support his conviction for possession of firearm with altered manufacturer's number.

Section 6110.2 of the Crimes Code provides: "No person shall possess a firearm which has had the manufacturer's number integral to the frame or receiver altered, changed, removed or obliterated." 18 Pa.C.S.A. § 6110.2. Accordingly, to support a conviction for possession of firearm with altered manufacturer's number, the Commonwealth must establish the defendant possessed a firearm, that the manufacturer's number of the firearm was "altered, changed, removed or obliterated," and that the defendant acted intentionally, knowingly, or recklessly with respect to the "altered, changed, removed or obliterated" manufacturer's number. *See* 18 Pa.C.S.A. § 6110.2(a); *Commonwealth v. Jones*, 172 A.3d 1139, 1145 (Pa.Super. 2017).

Smith's sole argument on appeal is that the Commonwealth failed to prove the manufacturer's number was "altered, changed, removed or obliterated" because the number was legible with the naked eye, as shown by the photograph of the firearm. He argues that under *Commonwealth v. Smith*, 146 A.3d 257 (Pa.Super. 2016), the Commonwealth must present evidence that the manufacturer's number is illegible to the naked eye to sustain a conviction for possession of firearm with altered manufacturer's number.

In *Smith*, a firearms expert testified that the number had not been altered because he was able to decipher the number. 146 A.3d at 263-64. He stated that someone had attempted to remove the number "by mechanical

- 4 -

means," but he could still see the numbers "when placed under magnification." *Id.* at 263. This Court concluded that the evidence was sufficient to support the conviction, reasoning that the expert testimony confirmed the number had been "mechanically abraded to such a degree that it was no longer legible unless magnification was employed." *Id.* at 264. We reasoned that the expert's opinion the number had not been altered "did not bear on the legal question of culpability." *Id.* We found that the testimony supported that the number had been altered or changed because it showed that "only extraordinary means—in this case, magnification—enabled observation of the number." *Id.*

Smith claims that there was insufficient evidence to establish the manufacturer's number of the firearm had been altered, changed, removed or obliterated because, unlike the manufacturer's number in *Smith*, the number here was legible. We disagree. *Smith* held that there was sufficient evidence to establish the number had been changed or altered, even though the expert testified it had not been "altered." *Smith* did not require the Commonwealth to establish the number was unreadable with the naked eye to establish a violation of Section 6110.2.

Whether the Commonwealth established the number had been "altered, changed, remove or obliterated" requires us to interpret Section 6110.2. "[T]he objective of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature." *Commonwealth v.*

*Scott*, 176 A.3d 283, 287 (Pa.Super. 2017) (quoting *Allstate Life Ins. Co. v. Commonwealth*, 52 A.3d 1077, 1080 (Pa. 2012)). "[T]he best indication of the General Assembly's intent is the plain language of the statute" and, therefore "[w]hen the words of a statute are clear and free from all ambiguity, they are presumed to be the best indication of legislative intent." *Id.* (quoting *Allstate Life Ins. Co.*, 52 A.3d at 1080).

Here, Section 6110.2 prohibits the possession of a gun where the manufacturer's number has been "altered, changed, removed or obliterated." The trial court found that the manufacturer's number was "altered." Trial Ct. Op., at 8. Because "altered" is not defined by statute, we look to its dictionary definition to determine its plain meaning. Merriam-Webster's Dictionary defines "alter" as "to make different without changing into something else." Merriam-Webster's Dictionary, http://www.merriam-webster.com/dictionary/alter; *see also Commonwealth v. Ford*, 175 A.3d 985, 992 (Pa.Super. 2017).

The picture shows that the manufacturer's number was "clearly abraded" by multiple scratch marks, Trial Ct. Op. at 7-8, which is sufficient to establish the number was altered, as it made the number "different without changing [it] into something else."

Judgment of sentence affirmed.

Judge Ransom joins the memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/18