J-A22043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER DUANE LINK | : | |
| | : | |
| Appellant | : | No. 1072 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000355-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER DUANNE LINK | : | |
| | : | |
| Appellant | : | No. 1073 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000482-2020

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:          **FILED: DECEMBER 22, 2022**

Appellant, Christopher Link, appeals from the judgment of sentence of

10 to 20 years' incarceration and 1 year of probation imposed on him after he

---

[*] Retired Senior Judge assigned to the Superior Court.

was convicted by a jury of aggravated assault, simple assault, and reckless endangerment.[1]  For the reasons set forth below, we affirm.

Appellant was charged in this case, CP-42-CR-0000355-2020 (CR-355-2020), with four counts of aggravated assault, three counts of simple assault, two counts of reckless endangerment and two counts of possession of an instrument of crime for beating and stabbing his girlfriend (Victim) on July 25, 26, and 28, 2020.  These charges were tried to jury from June 21 to June 25, 2021, together with another case, CP-42-CR-0000482-2020 (CR-482-2020), in which Appellant was charged with flight to avoid apprehension.  On June 25, 2021, the jury convicted Appellant of one count of aggravated assault for assaulting Victim and causing permanent disfigurement of her ear, one count of simple assault, and one count of reckless endangerment in CR-355-2020 and convicted Appellant of flight to avoid apprehension in CR-482-2020.  N.T. Trial, 6/25/21, at 1104-09; CR-355-2020 Verdict Sheet; CR-482-2020 Verdict Sheet.  The jury acquitted Appellant in CR-355-2020 of the other aggravated assault and simple assault counts, which concerned stab wounds and other knife wounds that Victim suffered, and acquitted him of the other reckless endangerment count and both possession of an instrument of crime charges.  N.T. Trial, 6/25/21, at 1104-09; CR-355-2020 Verdict Sheet.

---

[1] 18 Pa.C.S. §§ 2702(a)(1), 2701(a)(1), and 2705, respectively.

On July 22, 2021, the trial court sentenced Appellant in CR-355-2020, CR-482-2020, and a third case in which Appellant had pled guilty to two charges. N.T. Sentencing at 2, 9, 15-16; Sentencing Order. In CR-355-2020, the trial court sentenced Appellant to 10 to 20 years' incarceration for the aggravated assault conviction plus 1 year of probation pursuant to 61 Pa.C.S. § 6137.2, imposed a concurrent sentence of 1 to 2 years' incarceration for reckless endangerment, and ruled that the simple assault conviction merged with the aggravated assault conviction. N.T. Sentencing at 15-16; Sentencing Order at 1.[2] In CR-482-2020, the trial court sentenced Appellant to 1 to 2 years' incarceration to run consecutively to his sentence in CR-355-2020. N.T. Sentencing at 15-16; Sentencing Order at 1. Appellant filed a timely post sentence motion in which he raised challenges to the sufficiency and weight of the evidence in CR-355-2020 and sought modification of his sentence with respect to the amount of credit for time served. On August 9, 2021, the trial court granted the modification of sentence with respect to credit for time served and denied the post sentence motion in all other respects. Trial Court Order, 8/9/21.

Appellant timely filed appeals from the judgments of sentence in both CR-355-2020 and CR-482-2020, which this Court consolidated *sua sponte*. In

---

[2] The sentence of 10 to 20 years for Appellant's aggravated assault conviction was a mandatory minimum sentence that the trial court was required to impose under 42 Pa.C.S. § 9714(a)(1) because Appellant had a prior aggravated assault conviction. N.T. Sentencing at 4-5.

his brief, however, Appellant has challenged only his convictions in CR-355-2020, the assault case. Appellant presents the following single issue for our review:

> Whether there was sufficient evidence to convict the Defendant of Aggravated Assault, Simple Assault and Recklessly Endangering Another Person when there was substantial and credible evidence presented at trial that the Defendant struck the victim one time to thwart a suicide attempt?

Appellant's Brief at 5.

Our standard of review in a challenge to the sufficiency of the evidence is well-settled:

> When reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." It is within the province of the fact-finder to determine the weight to accord to each witness's testimony and to believe all, part or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. As an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Steele*, 234 A.3d 840, 845 (Pa. Super. 2020) (quoting *Commonwealth v. Colon-Plaza*, 136 A.3d 521 (Pa. Super. 2016)) (citations omitted, brackets in original).

The only element of the offenses of aggravated assault, simple assault, and reckless endangerment that Appellant argues that the evidence was insufficient to prove is the *mens rea* element of these offenses. The *mens rea*

required to support Appellant's aggravated assault conviction can be satisfied by proof that Appellant intentionally caused Victim serious bodily injury or by proof that he acted with malice, defined as reckless infliction of serious bodily injury under circumstances manifesting extreme indifference to human life. 18 Pa.C.S. § 2702(a)(1) ("[a] person is guilty of aggravated assault if he: (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life"); *Interest of N.A.D.*, 205 A.3d 1237, 1240 (Pa. Super. 2019); *Commonwealth v. Bruce*, 916 A.2d 657, 661, 664 (Pa. Super. 2007). The offense of simple assault of which Appellant was convicted requires that the defendant intentionally, knowingly, or recklessly caused bodily injury. 18 Pa.C.S. § 2701(a)(1); *Commonwealth v. Rahman*, 75 A.3d 497, 501 (Pa. Super. 2013). The offense of reckless endangerment requires proof that the defendant recklessly engaged in conduct which placed or may have placed another person in danger of death or serious bodily injury. 18 Pa.C.S. § 2705; *Steele*, 234 A.3d at 847. The *mens rea* of recklessness for simple assault and reckless endangerment requires that the defendant consciously disregarded a substantial and unjustifiable risk that his conduct would cause the harm in question. 18 Pa.C.S. § 302(b)(3).

Appellant argues that the Commonwealth did not show that he intentionally caused serious bodily injury or any injury to Victim or that he

acted with recklessness manifesting extreme indifference to human life or conscious disregard of a risk of serious bodily injury or any injury because he struck Victim only once to stop her from committing suicide. Appellant's contention, however, misstates the evidence at trial. Although Victim's testimony at trial and the testimony of Appellant and his cousin supported this version of events, there was also evidence before the jury that Appellant violently assaulted Victim in the head multiple times unconnected to any prevention of a suicide attempt. We judge the sufficiency of the evidence by whether there was evidence supporting the Commonwealth's case sufficient if believed by the jury to prove the elements of the offense, not based on Appellant's disputed version of facts, which the jury rejected. *Commonwealth v. James*, 268 A.3d 461, 469 (Pa. Super. 2021); *Commonwealth v. Antidormi*, 84 A.3d 736, 757 (Pa. Super. 2014).

Victim made statements to a police officer when she was being transported to the hospital on July 28, 2020 that were recorded on the officer's body camera and this recording was admitted in evidence and played to the jury. Commonwealth Ex. 16; N.T. Trial, 6/23/21, at 553-54. In these recorded statements, which were admissible for their truth, Pa.R.E. 803.1(1)(C); *Commonwealth v. Brown*, 52 A.3d 1139, 1171 (Pa. 2012), Victim stated that her ear was damaged when Appellant beat her in the head a few days earlier both in their room and when they were together in a car at a Sheetz station and that he beat her because she couldn't answer a question

that he asked her and he "snapped" on her. Commonwealth Ex. 16. Victim's recorded statements were corroborated by an eyewitness who was parked next to Appellant's and Victim's car at Sheetz station. That eyewitness testified that he saw Appellant repeatedly slam Victim's head hard into the dashboard and steering wheel of their car. N.T. Trial, 6/22/21 at 396-401, 410-11.

Medical evidence was also introduced that showed not only that Victim suffered a permanent serious disfigurement of her ear, but that she suffered a broken facial bone and broken ribs in these attacks. N.T. Trial, 6/22/21 at 369-73, 387. In addition, the Commonwealth introduced in evidence and played to the jury telephone calls between Appellant and Victim after Appellant was arrested in which Appellant referred to "the things that I did to you," said "I'm sorry for shattering your face," and urged Victim to help get the charges dropped and say that she was mentally ill, on a drug binge, and angry at Appellant when she spoke to the police. Commonwealth Ex. 19; N.T. Trial, 6/23/21, at 580-86.

This evidence was sufficient to prove the *mens rea* element of all of the offenses of which Appellant was convicted. Intent to cause serious bodily injury, malice, and conscious disregard of a risk of death or serious bodily injury may be proven by circumstantial evidence. *Interest of N.A.D.*, 205 A.3d at 1240; *Commonwealth v. Smith*, 956 A.2d 1029, 1036-38 (Pa. Super. 2008); *Bruce*, 916 A.2d at 661, 664. A jury is free to conclude that

the defendant intended the natural and probable consequences of his actions. *Commonwealth v. Faulk*, 928 A.2d 1061, 1070 (Pa. Super. 2007); *Commonwealth v. Lewis*, 911 A.2d 558, 564 (Pa. Super. 2006).

Here, the jury could find from Victim's recorded statements, the eyewitness testimony concerning the attack at the Sheetz station, and the medical testimony that Appellant beat Victim in the head and slammed Victim's head repeatedly against hard objects because he was angry at her and that the force that Appellant applied to Victim's head was sufficient to break a bone in her face and deform her ear. Evidence that the defendant struck the victim in the head multiple times with substantial force or slammed the victim's head into a hard object multiple times is sufficient to prove both intent to cause serious bodily injury and recklessness manifesting extreme indifference to human life. *Commonwealth v. Kinney*, 157 A.3d 968, 973 (Pa. Super. 2017); *Faulk*, 928 A.2d at 1070-71; *Bruce*, 916 A.2d at 661-65; *Lewis*, 911 A.2d at 561-62, 565; *Commonwealth v. Frisbie*, 889 A.2d 1271, 1273-75 (Pa. Super. 2005); *Commonwealth v. Dailey*, 828 A.2d 356, 360-61 (Pa. Super. 2003). *A fortiori*, it is also sufficient to prove intent to injure and conscious disregard of a substantial risk of serious bodily injury.

Appellant argues that under *Commonwealth v. Packer*, 168 A.3d 161 (Pa. 2017) and *Commonwealth v. O'Hanlon*, 653 A.2d 616 (Pa. 1995), aggravated assault requires the same *mens rea* as third-degree murder. That contention, however, is incorrect. *Packer* and *O'Hanlon* held that the malice

that can support an aggravated assault conviction is the same extreme indifference to human life that must be shown to prove third-degree murder. **Packer**, 168 A.3d at 168; **O'Hanlon**, 653 A.2d at 618. Malice, however, is only one of the states of mind that is sufficient to prove aggravated assault. Proof that the defendant intended to cause serious bodily injury is also sufficient to support a conviction, regardless of whether malice is shown. 18 Pa.C.S. § 2702(a)(1); **Bruce**, 916 A.2d at 661. This alternative *mens rea* of intent to cause serious bodily injury was not at issue in either **Packer** or **O'Hanlon** because the death and injuries in both of those cases occurred in car accidents and not as a result of an intentional assault.

In any event, even if proof of malice were required, the Commonwealth satisfied that burden here. As noted above, the evidence that Appellant beat Victim violently in the head multiple times with sufficient force to break a bone and deform her ear is sufficient to prove recklessness manifesting extreme indifference to human life. **Faulk**, 928 A.2d at 1070-71; **Bruce**, 916 A.2d at 664-65; **Frisbie**, 889 A.2d at 1273-75.

Appellant also argues that his aggravated assault conviction cannot stand because a single unarmed blow to the head is insufficient to show the *mens rea* required for aggravated assault under **Commonwealth v. Alexander**, 383 A.2d 887 (Pa. 1978) and **Commonwealth v. Roche**, 783 A.2d 766 (Pa. Super. 2001). That, however, is beside the point, as there was evidence at trial that Appellant repeatedly beat Victim in the head. Neither

*Alexander* nor *Roche*[3] nor any of the other cases cited by Appellant holds that evidence that the defendant struck the victim in the head multiple times is insufficient to prove the *mens rea* element of the offense of aggravated assault.

Because there was evidence admitted at trial from which the jury could find that Appellant repeatedly beat Victim in the head with substantial force causing permanent disfigurement of her ear, the evidence was sufficient to prove the *mens rea* required by the offenses of aggravated assault, simple assault, and reckless endangerment. Appellant's sole issue in this appeal is therefore without merit. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2022

---

[3] Indeed, *Roche* is no longer good law, as this Court overruled *Roche* in *Commonwealth v. Burton*, 2 A.3d 598 (Pa. Super. 2011) (*en banc*) and held that under some circumstances, a single unarmed blow to the head may be sufficient to support an aggravated assault conviction. 2 A.3d 604-05.