J-S18010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ROBERT JOHNSON | : | |
| | : | |
| Appellant | : | No. 1061 WDA 2024 |

Appeal from the Judgment of Sentence Entered May 1, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001812-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY ROBERT JOHNSON | : | |
| | : | |
| Appellant | : | No. 1062 WDA 2024 |

Appeal from the Judgment of Sentence Entered May 1, 2024
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001848-2022

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: August 8, 2025**

Appellant Timothy Robert Johnson appeals from the May 1, 2024 judgments of sentence of 16 to 32 years' incarceration entered by the Westmoreland County Court of Common Pleas after a jury found him guilty of

---

[*] Former Justice specially assigned to the Superior Court.

numerous sexual offenses involving three of his step-children. After careful review, we affirm.

**A.**

We glean the relevant factual and procedural history from the trial court opinion. In sum, Appellant lived with his wife and her five children beginning in March 2014 in the house where Appellant conducted his tattoo business. In 2022, three of the children (Child #1, #2, #3) reported that Appellant had inappropriately touched them. The Commonwealth charged him at two dockets, as summarized below.

**Docket No. CP-65-CR-00001848-2022 ("Docket No. 1848")**

Child 1 reported to his mother while staying on a houseboat with Appellant during the night, that Appellant inappropriately touched him, held him down, attempted to have anal sex with him, and then forced Child 1 to perform oral sex. Mother brought Child 1 to the hospital where medical personnel swabbed his body for DNA evidence. The Pennsylvania State Police ("PSP") crime lab subsequently determined that Appellant's DNA was present in the perianal swab but not the oral swab. The Commonwealth charged Appellant with one count each of Involuntary Deviate Sexual Intercourse-Forcible Compulsion, Involuntary Deviate Sexual Intercourse (IDSI), Endangering the Welfare of Children (EWOC), and Corruption of Minors; two counts of Criminal Attempt (IDSI); and three counts of Indecent Assault.[1]

---

[1] 18 Pa.C.S. §§ 3123(a)(1), 3123(a)(7), 4304(a)(1), 6301(a)(1)(ii), 901(a); 3126(a)(1), 3126(a)(2), 3126(a)(8), respectively.

**Docket No. CP-65-CR-00001812-2022 ("Docket No. 1812")**

Child 2 alleged that when she was between eight and ten years old, when she was in Appellant's tattoo shop with him, Appellant would put his hands under her shirt and position her on his lap to reach into her underwear. She also reported that, *inter alia*, Appellant would expose himself, pull down her pants and rub his penis between her buttocks, encourage her to touch his penis, and give her money to not tell anyone about his conduct. The Commonwealth charged Appellant with Criminal Attempt (IDSI); IDSI; Aggravated Indecent Assault; two counts of Indecent Assault; Disseminating Explicit Sexual Material to a Minor; Corruption of Minors; and EWOC.[2]

Child 3 also alleged that Appellant had inappropriately touched her on multiple different occasions in the tattoo shop by, *inter alia*, putting his hands inside her underwear and touching her on the inside and outside of her groin and would expose himself and rub his penis in the crease of her buttocks. She also alleged that Appellant gave her money in exchange for her silence. The Commonwealth charged Appellant with respect to Child 3 with one count each of Corruption of Minors, EWOC, and Aggravated Indecent Assault, and two counts of Indecent Assault.[3]

**B.**

---

[2] 18 Pa.C.S. §§901(a); 3123(b); 3125(a)(7); 3126(a)(7); 5903(c)(1); 6301(a)(1)(ii); and 4304(a)(1) respectively.

[3] 18 Pa.C.S. §§ 6301(a)(1)(ii); 4304(a)(1), 3125(a)(7); and 3126(a)(7), respectively.

The trial court consolidated the cases and presided over a three-day jury trial. The Commonwealth presented testimony from the Children's mother; Daniel Uncapher, the Chief of Police of Allegheny Township Police Department; and Todd Roach, a detective employed by the District Attorney's office in Westmoreland County. In addition, each of the three children testified and the Commonwealth presented expert testimony from Michelle Barch, a serologist, and Sarah Mihalich, a forensic DNA scientist, both employed by the Pennsylvania State Police. Appellant testified on his own behalf and denied the allegations.

The jury found Appellant guilty of all counts charged at Docket No. 1848 and guilty of two counts of Indecent Assault and one count of EWOC charged at Docket No. 1812. On April 30, 2024, the court sentenced Appellant to an aggregate term of 16 to 32 years of incarceration, followed by three years of probation.

Appellant filed a post-sentence motion seeking a judgment of acquittal or a new trial in which he challenged the weight and sufficiency of the evidence. Following briefing, the court denied the motion in an Order and Opinion dated August 12, 2024.

Appellant filed timely notices of appeal. Both he and the trial court complied with Pa.R.A.P. 1925.[4] After Appellant filed his appellate briefs, this Court consolidated the appeals *sua sponte*.

Appellant raises the following identical issues in his briefs:

1. Whether the court abused its discretion in denying Appellant's post-sentence motion alleging that the evidence presented was insufficient to support conviction?

2. Whether the court abused its discretion in denying Appellant's post-sentence motions alleging the court's improper weighing of evidence

Appellant's Br. #1 and #2, at 7 (reordered).[5]

**C.**

We address Appellant's issues together as his arguments intertwine his purported sufficiency and weight challenges. Appellant first argues that the court erred in denying his motion for a judgment of acquittal. In support, he argues—as he did in his motion for judgment of acquittal—that because the jury acquitted him of "every sexual act he was charged with" at Docket 1812, and the case "was based entirely on the testimony of . . . two minor girls and their description of [Appellant's] actions," the evidence was insufficient to

---

[4] In lieu of a Rule 1925(a) Opinion, the trial court issued a "decree" relying on its August 24, 2024 Order and Opinion denying Appellant's post-sentence motion.

[5] Because this Court *sua sponte* consolidated these appeals after Appellant had submitted briefs at each appeal, we refer to the brief filed for CCP Docket No. 1812 as "Appellant's Br. #1" and the brief filed for CCP Docket No. 1848 as "Appellant's Br. #2."

support his convictions for indecent assault and endangering the welfare of children.  Appellant's Br. #1 at 10, 13.

With respect to Docket No. 1848, he contends that the DNA evidence contradicts Child 1's testimony and, therefore, the Commonwealth failed to prove that Appellant committed any of the offenses charged with respect to Child 1.  Appellant's Br. #2 at 14.

* * *

Appellant's challenge to the trial court's denial of his post-trial motion seeking judgment of acquittal raises a question of law.  ***Commonwealth v. Butler***, 333 A.3d 1283, 1286 (Pa. Super. 2025).  Accordingly, "our standard of review of an order denying a motion for judgment of acquittal is *de novo* and our scope of review is plenary." ***Id.***.

When reviewing a sufficiency challenge,

an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt.  It [is] incumbent upon the Superior Court to consider all of the evidence introduced at the time of trial, and apparently believed by the fact finder, including the expert's testimony. In applying this standard, the reviewing court must bear in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's ruling[s] thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the proof, is free to believe all, part, or none of the evidence.

***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1237 (Pa. 2007) (citations, quotation marks, and alterations omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013).

"[A] sufficiency of the evidence review does not include an assessment of credibility of testimony offered by the Commonwealth. Instead, such arguments are more properly characterized as challenges to weight of evidence." ***Commonwealth v. Juray***, 275 A.3d 1037, 1043 (Pa. Super. 2022) (citation omitted); ***see also Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 160 (Pa. Super. 2007) (explaining that a claim that the jury erred in crediting a victim's version of events over that of an appellant goes to the weight, not to the sufficiency of the evidence); ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000) (explaining distinctions between a claim challenging sufficiency of evidence and a claim challenging weight of evidence).

Notably, "the uncorroborated testimony of a [child victim] is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Cramer***, 195 A.3d 594, 602 (Pa. Super. 2018); ***see***, ***e.g.***, ***Commonwealth v. Charlton***, 902 A.2d 554, 562 (Pa. Super. 2006) (affirming convictions for, *inter alia*, Indecent Assault and EWOC where the victim's testimony alone established each of the offenses).

Finally, it is well-established that this Court may not infer factual findings from a jury's acquittal. *Commonwealth v. Baker-Myers*, 255 A.3d 223, 235 (Pa. 2021).[6]

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). "Resolving contradictory testimony and questions of credibility are matters for the factfinder." *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert*, *supra* at 546.

With respect to a challenge to the weight of the evidence, "[a]ppellate review of a weight claim is a review of the [trial court's] exercise of discretion" in denying the challenge raised in the post-sentence motion; this Court does not review "the underlying question of whether the verdict is against the weight of the evidence." *See id.* at 545-46 (citation omitted). "[W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the

_____

[6] In **Baker-Meyers**, our Supreme Court reversed the appellant's conviction for corruption of minors where the jury had acquitted him of the Chapter 31 sexual offenses that it charged as predicate offenses. In so doing, our Supreme Court announced that its holding does "not disturb the longstanding principle permitting inconsistent verdicts or its corollary that factual findings may not be inferred from a jury's acquittal." *Id.* at 235. Here, unlike **Baker-Meyers**, Appellant was convicted of Chapter 31 offenses at both dockets.

weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim." ***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003).

"In order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." ***Talbert***, 129 A.3d at 546 (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" ***Commonwealth v. Morales***, 91 A.3d 80, 91 (Pa. 2014) (emphasis omitted).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions" the evidence that the jury chose to believe. ***Commonwealth v. Thompson***, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not "view the evidence in the light most favorable to the verdict winner" and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000).

\* \* \*

**Docket #1848**

In denying Appellant's motion for a judgment of acquittal, the trial court first summarized each testifying witness's testimony. In rejecting the only argument Appellant raised in the post-sentence motion with respect to Child

1—that the evidence was insufficient to support any of the convictions because the DNA evidence conflicted with Child 1's testimony—the court explained that Appellant mischaracterized the testimony of Ms. Mihalich. Tr. Ct. Op., 8/12/24, at 8. The court noted that "Ms. Mihalich testified that she could not state from what type of cell the DNA came" that was on Child 1's oral swab and "simply opined that the DNA profile contained in the oral swab belonged to [Child 1]". *Id*. The court also observed that Ms. Mihalich testified that "Defendant's DNA was found in the non-sperm fraction of the perianal swab from [Child 1]." *Id*. at 5.

On appeal, Appellant asserts the same argument in his appellate brief, emphasizing only that "the DNA evidence was inconsistent with" Child 1's testimony. *See* Appellant's Br. #2, 13-14. In support, he reiterates the testimony of Child 1 and the forensic DNA scientists and concludes "[t]he jury verdicts at Counts 1-9 should not be supported based upon the evidence presented at trial because the DNA evidence was inconsistent with [Child 1's] testimony." *Id*. at 12-13. Appellant acknowledges that DNA from a perianal swab *did* match Appellant's DNA but argues "this evidence is entirely inconsistent with [Child 1's] testimony because the Defendant never touched the area of [Child 1's] body that was part of the perianal swab." *Id*. at 14.

Appellant does not provide citation to the statutes under which he was convicted or delineate to which element of his offenses this argument pertains. Rather, he provides a blanket assertion that his convictions at Docket 1848

are not supported by sufficient evidence because of this alleged discrepancy in the testimony.

Appellant's "sufficiency" argument fails. First, Appellant fails to acknowledge well-settled case law holding that a child victim's testimony alone is sufficient to support a defendant's convictions for sexual offenses. *Cramer*, 195 A.3d at 602. Here, Child 1 testified that Appellant attempted to insert his penis into Child 1's rectum before forcing his penis into Child 1's mouth. N.T. Vol 2, 2/6/24, at 198-200. On cross-examination, Child 1 agreed with defense counsel that Appellant's penis could not get between his "butt cheeks" to reach his "butt hole." *Id*. at 210. Contrary to Appellant's assertion, this testimony does not establish that Appellant "never touched the area of the body that was part of the perianal swab." Appellant's Br. #2 at 14. Moreover, the swab of Child 1's perianal area indicating the presence of Appellant's DNA provides support for Child 1's testimony.

Even if there were inconsistencies in the evidence, it is within the jury's province to weigh the evidence in reaching its verdict. *Commonwealth v. Small*, 741 A.2d 666, 672-73 (Pa. 1999). A challenge based on perceived inconsistencies in the evidence implicates the weight, not the sufficiency of the evidence.

Based on our review, we agree with the trial court that Appellant's arguments fail to establish that insufficient evidence underlies his convictions at Docket #1848. Moreover, we discern no error in the trial court's conclusion

that the verdicts were not against the weight of the evidence. Accordingly, we conclude that the trial court properly exercised its discretion in denying Appellant's post-sentence motions for judgment of acquittal and for a new trial with respect to Docket #1848.

**Docket #1812 – Child 2 and 3**

In his argument challenging the sufficiency and weight of the evidence supporting the EWOC and Indecent Assault convictions, Appellant recites the testimony provided by Child 2 and 3 along with the questions the jury had during deliberations. Appellant's Br. #2, at 12-13. He complains that the Commonwealth's evidence was insufficient to support the verdicts because there was "no DNA evidence[,] … [n]o forensic interviews[, and] [n]o expert testi[mony]" presented. *Id*. Appellant also contends that because the jury acquitted him of the sexual offenses charged in Docket #1812, the jury did not believe the children's testimony, and his convictions for Indecent Assault and EWOC "cannot be supported based on the evidence presented a trial because of the number of acquittals that the jury found based on the same exact evidence." *Id*. at 13. Without setting forth, or even acknowledging, the elements of either EWOC or Indecent Assault, he posits that because the jury acquitted him of "all of the specific sexual acts" against Child 2 and 3, "then there should not have been sufficient evidence to find [Appellant] guilty

of generally indecent assaulting [Child 2]," and endangering the welfare of Child 2 and 3. *Id*. at 14, 16.[7]

A person will be found guilty of Indecent Assault if he

has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and . . . the complainant is less than 13 years old.

18 Pa.C.S. § 3126(a)(7).

Our legislature has defined EWOC as follows: "[a] parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S. § 4304(a)(1).

Our courts have often recognized that "[i]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal." *Commonwealth v. Frisbie*, 889 A.2d 1271, 1273 (Pa. Super. 2005) (citations omitted). "Rather, the rationale for allowing inconsistent

_____

[7] The Information charging Appellant with EWOC states that while "supervising the welfare of [the minor children] knowingly endangered the welfare of [the children] by violating a duty of care, protection or support, namely, committed one or more acts, *including but not limited to*, engaging in sexual acts with the children in violation of Section 4304 of the Pennsylvania Crimes Code." (emphasis added). Information, filed 8/3/22, at Count #11. *See also* Amended Information, filed 3/30/23, at Count 12.

- 13 -

verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment." ***Id***. (citation and internal quotation marks omitted). Accordingly, "[w]hen an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity." ***Id***. (citation omitted). "Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." ***Id.*** (citation omitted).

Appellant's arguments fail to convince us that the trial court abused its discretion in denying his post-sentence "sufficiency" and weight challenges. As noted above, a child's testimony alone may be sufficient to convict a defendant of EWOC and Indecent Assault. In addition, the fact that the jury acquitted Appellant of certain sexual offense does not mean that the evidence proving the elements of EWOC and Indecent Assault was insufficient. Since Appellant has failed to address the elements of the crimes in any fashion, we decline to repeat the children's testimony that the jury found credible and which supports the jury's verdicts.

Moreover, it is within the jury's province to weigh the evidence and determine the credibility of the witnesses and this Court may ***not*** infer factual findings from a jury's acquittal. ***See Commonwealth v. Baker-Myers***, 255 A.3d 223, 235 (Pa. 2021). Appellant's challenges to the sufficiency and weight

of the evidence underlying his EWOC and Indecent Assault convictions warrant no relief.

## D.

In sum, Appellant's challenges to the weight and the sufficiency of the evidence presented to support the verdicts rendered in Docket Nos. 1848 and 1812 merit no relief.

Judgments of sentences affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/8/2025